UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:

CIV - DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff,

MAGISTRATE JUDGE
JOHNSON

vs.

TERRI M. QUINN
                Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $3408.20, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $2534.15, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $5942.35, plus interest at 8.00 percent per annum on the principal amount of $3408.20, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: _____
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Terri M. Quinn
Aka: Terri M. Sudden, Terri M. Tallant & Terri M. Dunn
1626 Jefferson St
Hollywood, FL 33020
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06-08-99.

On or about 12-20-84, 04-01-85 & 08-19-85, the borrower executed promissory note(s) to secure loan(s) of $1,250.00, $1,250.00 & $2,000.00, from Glendale Federal at 8.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $950.56 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12-28-89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,408.20 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11-30-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 3,408.20 |
| Interest: | $ 2,365.33 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 06-08-99: | $ 5,773.53 |

Interest accrues on the principal shown here at the rate of $.75 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/9/99                Name:

GOVERNMENT EXHIBIT A

April 1998

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS:<br><br>TERRI M DUNN<br>30 SW 8TH ST #A<br>HALLANDALE        FL 33009 | LENDER'S NAME AND ADDRESS:<br><br>GLENDALE FEDERAL SAVINGS AND LOAN ASSN.<br>301 E LAS OLAS BLVD.<br>FORT LAUDERDALE    FL 33301 |

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to repayment / During repayment | | ☐ may  ☒ will not  have to pay a penalty.<br>☐ may  ☒ will not  be entitled to a refund of part of finance charge. |
| 3.837 %  /  8.000 % | $ 1,168.82 | See the promissory note for any additional information about payment, default, any required repayment in full before the sched date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 1,168.82        Amount Paid t

Loan Amount $ 1,250.00  Less: Prepaid Finance Charge $ 81.18  Less: Amount Paid To $ 1.95  Equals: $ 1,16
Includes:                                                     Others On Your Behalf:
  Insurance Premium   $ 18.68                                 To: FLORIDA DEPT. OF REVENUE
                                                              For: DOCUMENTARY STAMP TAX

  Origination Fee     $ 62.50
                      ( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT F NAT |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 12/20/84 | 1,250.00 | 1.95 | 18.68 | 62.50 | 1,168. |

ED-888 5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF  $1.95
HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE.
CERTIFICATE OF REGISTRATION 5901756111601

### PROMISE TO PAY

I, TERRI M DUNN                                    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                  , the borrower, promise to pa
     (Name of Borrower)

GLENDALE FEDERAL SAVINGS AND LOAN ASSN.                                         , the lender, or to a subseq
     (Name of Lender)

holder of this Promissory Note, all of the principal sum of $ 1,250.00 to the extent it is advanced to me, plus an amount equivalent to simple interes this sum at the rate of 8.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — Inclu attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collec to an agency that is subject to the Fair Debt Collection Practices Act, I will pay the collection costs which do not exceed 25 percent of the unpaid principal and accrued inte

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pa the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed  5 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct f each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to re to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than  06  months (the "grace period") after I either l school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, du the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                              (OVER)

A. During my grace period I request a shorter repayment period, the lender may grant me a shorter period. In that event I may later choose to have the new period extended to 5 years.
B. The lender may require a repayment period sooner than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, or the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10 and 15 year periods mentioned above
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, the lender will provide to me before the repayment period begins.

**PREPAYMENT**  I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**  Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies)
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service.
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs; (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP

**LATE CHARGES**  If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. The late charge may not be more than $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**  Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course

**DEFAULT**  If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my address, or school enrollment status

**DISABILITY OR DEATH**  If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**  If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau

**GENERAL**  The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.   90 0827 4006
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

---

| SIGNATURE OF BORROWER | ADDRESS | DATE |

| NAME OF CO-SIGNER* (print or type) | ADDRESS | |

| SIGNATURE OF CO-SIGNER | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS:<br>TERRI M DUNN<br>3? SW 8TH ST #A<br>HALLANDALE        FL 33009 | LENDER'S NAME AND ADDRESS:<br>GLENDALE FEDERAL SAVINGS AND LOAN ASSN.<br>301 E LAS OLAS BLVD.<br>FORT LAUDERDALE    FL 33301 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>Prior to repayment: 4.771 %<br>During repayment: 8.000 % | Amount Financed<br>The amount of credit provided to you.<br><br>$ 1,172.97 | Late Charge: If a payment is late, you may be charged $5.00 o of the payment, whichever is less.<br>Prepayment: If you pay off early, you<br>[ ] may  [X] will not  have to pay a penalty.<br>[ ] may  [X] will not  be entitled to a refund of part c finance charge.<br>See the promissory note for any additional information about payment, default, any required repayment in full before the sche( date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 1,172.97                    Amount Paid

Loan Amount $ 1,250.00  Less: Prepaid Finance Charge $ 77.03  Less: Amount Paid To Others On Your Behalf: $ 1.95  Equals: $ 1,17
Includes:
  Insurance Premium  $ 14.53
  To: FLORIDA DEPT. OF REVENUE
  For: DOCUMENTARY STAMP TAX
  Origination Fee  $ 62.50
  ( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINA |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 04/01/85 | 1,250.00 | 1.95 | 14.53 | 62.50 | 1,172. |

ED-888  5/82  FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF $1.95 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION 5901756111601 .

### PROMISE TO PAY

I, TERRI M DUNN                        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            , the borrower, promise to p
        (Name of Borrower)
GLENDALE FEDERAL SAVINGS AND LOAN ASSN.                         , the lender, or to a subsec
        (Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 1,250.00 to the extent it is advanced to me, plus an amount equivalent to simple intere this sum at the rate of 8.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — incl attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for colle to an agency that is subject to the Fair Debt Collection Practices Act, I will pay the collection costs which do not exceed 25 percent of the unpaid principal and accrued int

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to p the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed      5 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to re to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than  06  months (the "grace period") after I either school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, d the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. Howeve following exceptions to these rules apply:

FSFAC FORM 2 (9/82)                                   (OVER)

a. during the [...] period, I request a shorter repayment period [...] may grant me a [...] period [...] event I may later choose to [...] the repayment period [...] 5 years
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment [...] amount — or if both my [...] and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we [...] pay toward principal [...] Interest at least $600 or the unpaid balance, whichever is le[ss] the total amount owing to all holders of my [...] or your [...] GSLP, Auxiliary and PLUS loans.
c. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above

3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document known as a repayment schedule the lender will provide to me before the repayment period begins.

**PREPAYMENT**  I may, at my option and without penalty, prepay all or any part of the principal or accrued interest on this loan [...] of [...] will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**  Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth regulations governing the GSLP, in any of these circumstances:
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not for a the United States)
   B. Full-time study at an institution of higher education or a vocational school that is operated [...] agency of the Federal Government, eg, the service academ[ies]
   C. A graduate fellowship program approved by the Secretary of Education, or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service.
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, which Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   [...] temporarily totally disabled, as established by affidavit of a qualified physician or [...] unable to [...] employment because I am providing care required by a s who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the [...] Education has determined is necessary for me to gain professional recog[nition] required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a defer[ment] I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was grant[ed] longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determine[s] I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the [lender] may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that [accrues during any] period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the [GSLP]

**LATE CHARGES**  If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after [it is] due, unless I provide documentation that I am entitled to have the payment deferred [...] this Promissory Note. A late charge may not e[xceed] $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**  Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder othe[r than] the original lender. If such a transfer takes place, I will have the same rights and responsibilities [...] the new holder that I had with regard to the original [lender]. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Prom[issory] Note is not a holder in due course.

**DEFAULT**  If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also [...] me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the foll[owing] events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my address, or school enrollment status.

**DISABILITY OR DEATH**  If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**  If I default on the loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organi[za]tions after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repa[yment] within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organiza[tions] If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the [holder] may disclose information about the status of this loan to any credit bureau.

**GENERAL**  The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. [section 1071] to 1087-2) and Federal regulation (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be [used] for and when my repayment period will begin.   90 0827 4008
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of name, address, or school enrollment status.

X _____Jerri M Dunn_____

| SIGNATURE OF BORROWER | ADDRESS | DATE |

| NAME OF CO-SIGNER* (print or type) | ADDRESS | |

| SIGNATURE OF CO-SIGNER | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
ESFAC FORM 2 (1/82)

[Stamps: "and is hereby assigned (with)out warranty, except that the Note [...] Florida, Department of Education"; "CSX STUDENT LOAN SERVICES"; "Authorized Agent of Student Loan Marketing Association"]

## FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1087-4

### SECTION I - TO BE COMPLETED BY THE STUDENT - READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name: DUNN  First: Terri  Middle/Maiden: M
3. Birth Date: 09/26/61
4. Permanent Home Address: 2220 Pierce St #6
5. Area Code-Phone No: (305) 922-9652  City: Hollywood  State: FL  Zip: 33020
6. US Citizenship Status: (a) US Citizen ☒  Alien Registration No: NA
7. Total Number of Borrower's Dependents: 1  List Ages: 4
8. Permanent Resident of (State): FLA  Since: Mo 2 Yr 83
8(a). County Code: 06
9. Intended Enrollment Status: ☒ Full Time
10. Major Course of Study: Computer Program
11. While in School, You Intend to Live: ☒ Off Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? ☒ Yes
13. Requested Loan Amount: $ 2,000.00
14. Loan Period: From 9/85 To 3/86
15. Have you ever defaulted on an education loan? ☒ No
16. Do you have any outstanding education loans? ☒ Yes

17. 
| Name of Lender | City and State of Lender | Phone No | Type of Program | Loan Period From-To | Unpaid Balance |
|---|---|---|---|---|---|
| Glendale Fed Sav. | Ft Laud, FL | 305 763 1121 | A | 1/85 - 9/85 | 2500 |

18. 
| Name of Parent/Guardian plus Adult Relative | Address | City | State | Zip | Phone Number | Employer |
|---|---|---|---|---|---|---|
| Lois C Tallant | 1626 Jefferson St | Hlwd | FL | 33020 | 305 920 9568 | housewife |
| Patty Simms | 9243 K Liverly Lane | Laurel | MD | | 301 7256481 | S+O |

19. Name and Address of Lender Who will Process this Loan: Glendale Federal Savings, Ft Lauderdale, FL 33301

### SECTION II - TO BE COMPLETED BY THE SCHOOL

20. Name of School: Prospect Hall College
21. Address: 1735 Monroe St., Hollywood, FL 33020
22. Loan Period: From 9/03/85 To 6/20/86
23. Borrower's Grade Level: 2
24. Anticipated Graduation Date: 3/87
25. School Code: 010210
26. Area Code/Phone Number: (305) 923-8100
27. Dependency Status: ☒ Independent
27(a). Adjusted Gross Income: $ 5,917.00
28. Estimated Cost of Attendance: $ 9,125.00
29. Estimated Financial Aid: $ 0.00
30. Difference: $ 9,125.00
31. Academic Status / Cumulative GPA: 2.5 of 4.0
29(a). Expected Family Contribution: $ 0.00

| # | Mo | Day | Yr | Recommended Disbursement Amount |
|---|---|---|---|---|
| 1 | 9 | 23 | 85 | $ 834.00 |
| 2 | 1 | 6 | 86 | $ 833.00 |
| 3 | 4 | 7 | 86 | $ 833.00 |
| 4 | | | | $ 0 |
| TOTAL OF DISBURSEMENTS | | | | $ 2500.00 |

32. Signature of Authorized School Official: [signed] Brooks
Print Name and Title: BRIAN J. WOODS, F.A.D.
Date: 8/22/85

### SECTION III - TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: Glendale Federal
34. Address: 301 E. Las Olas Blvd., Ft. Lauderdale, FL 33301
35. Area Code/Phone No: (305) 763-1121
36. Lender Code: 826762
37. Loan Disbursement Date(s):

| # | Mo | Day | Yr | Loan Disbursement Amts |
|---|---|---|---|---|
| 1 | 9 | 20 | 85 | $ 834.00 |
| 2 | 12 | 20 | 85 | $ 833.00 |
| 3 | 3 | 28 | 86 | $ 833.00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2500.00 |

38. Length of Grace Period: 6 (9 10 11 12)
39. Signature of Authorized Lending Official: [signed] Susan S. Kline
Print Name and Title: Susan S. Kline, B.O.
40. Date: 9/9/85

### SECTION IV - PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

I. Promise To Pay. I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of Two Thousand DOLLARS ($ 2000.00), Requested Loan Amount—Must be the Same as Item 13, or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan (See Paragraphs II, III, VI on the other side). My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

Student Borrower Signature: [signed] Terri M Dunn   Date: 8/19/85

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

FGLP Standard Form (3/85)   LENDER COPY A

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** will repay the loan 1) in periodic installments during a repayment period that will begin no later than the end of my grace period, or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended this loan will not be eligible for a grace month. My grace period is that period of time when I begin when either I leave school or carrying at an eligible school approved by the lender at least one-half the normal full-time academic workload required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment will begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equal to simple interest on the unpaid principal balance from the date of advance the amount of the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loan if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans my interest rate on this loan will be 9%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When the note becomes due I may either pay the total fees due from me on which interest may be added in accordance with state and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance to be repaid with interest in installments. Once the repayment period begins, I will pay all the interest on this loan except that which interest accrues on this loan before the repayment period was payable by the United States Government, the United States Government will pay the interest that accrues during any period described under Deferment Paragraph VIII on this Note. All payments will be made due to my address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by Federal law which will not exceed 5% of the amount of loan to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If money is returned unearned to you, I will be entitled to a pro-rata origination fee paid with respect to such disbursement. I will pay you a guarantee fee in an amount determined by the Notice of Loan Guarantee and Disclosure Statement which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per loan is calculated on the amount of this loan from the anticipated disbursement date indicated by the lender in Section II of the application to the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application. If this loan: No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after the disbursement date in which the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal be due plus interest at my rate will be due and payable at once. Subject to any law which provides me the right to cure any payment is not reached you within the number of days after such as specified in the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I do not intend to honor the obligation to repay, provided that my failure persists for 1) 270 days if I pay in monthly installments or b) 180 days if I repay in less frequent installments, or 2) I fail to notify you of a change in name, address or school enrollment status within 10 days or 3) I break any of my other promises under this agreement, or 4) I make any false written statement in applying for this loan or for a forbearance, deferment, discharge or by sending such notice to me, you will have the right without further notice to take its outstanding balance out of my checking and/or savings account I have with you (not prohibited by law, but not out of the proceeds of any other security of mine which you have right to take because of any other agreement between you and me). I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits provided under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, charge a late charge of the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** The guarantor of this loan will be liable for any additional expenses incurred in the collection of this application. 2) Any notice required to be given will have the effect if when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s), because I have defaulted, the Florida Department of Education will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only if such interest is not paid by the United States Government, and let me defer making principal payments on the Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment: 1) While I am enrolled in a participating school on full-time study as determined by that school, however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States, or I am in a graduate fellowship program approved by the Secretary of Education or in a rehabilitation training program for disabled individuals approved by the Secretary of Education or 2) as a full-time student at an institution of higher education or on an optional school which is operated by an agency of the United States Government 3) for periods not exceeding 3 years for each of the following while I am on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or 5) serving as a Peace Corps volunteer, or 6) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (VISTA) or 7) providing service as a full-time volunteer for an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs 8) temporarily totally disabled as established by a sworn affidavit of a qualified physician or my inability to work and earn because of my spouse's injury, illness or injury that requires me to care for him or her for a period not exceeding 3 months during a single period of deferment 9) conditions that the Secretary of Education has determined requires such professional practice or service although not required to be a professional, after completion of my course of study while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I will repay the total amount of this loan in monthly installments. Payments will begin the date indicated on the Notice of Loan Guarantee and Disclosure Statement (generally from the due date on this Promissory Note until the loan is paid in full). The Promissory Note has become due because of the terms of the Note Comes Due Paragraph II or because of the default of this Promissory Note. You will send to me upon commencement of the repayment period a Repayment Schedule which will indicate the particular repayment terms including the beginning repayment date when I will become a payee this Promissory Note. The Repayment Schedule may be increased from you under the Florida Guaranteed Student Loan Program, and will require me to make monthly payments for a period of no less than 5 years or more than 10 years after this Note becomes due. The repayment period will run for at least 15 years from the date of my original Note not counting any period of authorized deferment outlined in Deferment Paragraph VIII or forbearance. My original repayment period is limited to no less than 15 year requirement at my option may agree to a repayment period that is shorter than 5 years. I may later have this repayment period extended so that the total repayment period is less than 5 years, provided, however, that if my loan is disbursed on or after October 1, 1981 my total payments for any year of the repayment period on all loans under the Guaranteed Student Loan Program and the Guaranteed Parent Loans from the SPLP or the GIS Program under Title IV Part B of the Higher Education Act shall not be less than $600 per year, including payment by any school on any forbearance such loan programs for the loan on which loans plus accrued interest is less than $600, even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may at my option and without penalty prepay the whole of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** A default on this loan or any guarantee may report the default to credit bureaus or collectors. This may and will adversely affect my credit rating. If no other information is furnished to any lien the Florida Department of Education may furnish information about this loan to any other credit bureau.

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct: the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g. employment enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 2. I certify that the total amount of loans I will receive under the Guaranteed Student Loan Program, Title IV Part B Section 933 is a federally insured loan not to exceed the maximum amounts. I further

certify that I do not have a payment in default on a Supplementary Grant or State Student Incentive Grant and am not now in default on a National Direct Student Loan or a Guaranteed Student Loan, a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me or at the lender's option jointly payable to me and the school, and sent to the school's name in Section II or at the lender's address to me. I have read and understand the Statement of Borrower's Rights and Responsibilities supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount as determined by the lender, the fee amounts, grace period, and late charge, and understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6176

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-DIMITROULEAS   MAGISTRATE JUDGE JOHNSON

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

TERRI M. QUINN a/k/a
TERRI M. SUDDEN, TERRI M. TALLANT &
TERRI M. DUNN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

D. Broward 0:00CV6176/WPD/LRJ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

THOMAS E. SCOTT, U.S. ATTORNEY  (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | B☐ 640 R R & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | **FEDERAL TAX SUITS** |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
|  |  | B☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4)(d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $5,942.35
+ interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  1/31/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____